AMONETT<br>v.<br>FISK.

yond a categorical reply to the questions propounded, was a subject considered in the case of *Haynes* v. *Heard*, 3. An. 648. The court below correctly refused to strike out a portion of the answers of the defendant, and they were properly received as evidence.*

Upon the question of privilege, we deem it unnecessary to do more than to refer to the satisfactory opinion of the district judge.

As the evidence was conflicting, and was considered by the district judge as leaving in doubt the right of the defendant to a judgment against the succession for the amount of the balance of the account, we will not disturb the judgment in that respect. But, under all the circumstances, we deem it equitable to reserve the rights of the defendant, if any there be, against the succession of *Slaughter*.

It is therefore decreed that the judgment of the court below be so amended, as to reserve the rights of the succession of *Abijah Fisk*, if any it may have, against the succession of *Saughter*; and that, so amended, the judgment be in all respects affirmed; the costs of the appeal to be paid by the appellee.

---

## WILSON et al. *v.* CHURCHMAN.

Whatever may be the right of a party to appeal at once from a refusal to set aside a sequestration by which his property is actually detained in legal custody; it cannot be extended to the case of one who has been restored to possession by giving bond. It cannot be said that the judgment works, or may work, an irreparable injury, which is the test by which to determine whether an appeal will lie from an interlocutory judgment before a trial on the merits.

APPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. *Hunton* and *Micou*, for the plaintiffs. *T. R. Wolfe*, *Lockett* and *Goold*, for the appellants. The judgment of the court was pronounced by

SLIDELL, J. A sequestration having been levied upon goods, *Gilchrist* bonded them, and a rule was then taken by the defendant and *Gilchrist*, to show cause why the sequestration should not be set aside. Upon hearing, the court dismissed the rule; and from this refusal to set aside the sequestration, the defendant and third opponent appealed.

Whatever may the right of a party to appeal at once from the refusal to set

---

WILSON
*v.*
CHURCHMAN.

aside a sequestration, by which his property is actually detained in legal custody, we think the right should not be extended to a case where the party has been restored to the possession by giving bond. It cannot be said, in such a case, that the judgment works, or may work, an irreparable injury; which is the proper test in determining whether an interlocutory judgment is appealable, before a trial on the merits. See *Hart* v. *Philips*, 1 Rob. 223.

Considering the present appeal premature, it is therefore dismissed, at the cost of the appellants.